## MOUSETTE v. BACON.

(Supreme Court, General Term, Third Department. November 22, 1892.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
     Where a disputed question of fact is properly submitted to the jury by the trial judge, and there is evidence which, if believed by them, is sufficient to support their finding, the appellate court will not interfere.

Appeal from circuit court, Fulton county.

Action by Emma Mousetté against Charles G. Bacon. From a judgment for plaintiff entered on a verdict of a jury, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Lee S. Anibal, for appellant.

Frank L. Anderson, (A. J. Nellis, of counsel,) for respondent.

MAYHAM, P. J. The plaintiff claims title to the property in question under a sale from one William H. Rhodes, and that she was entitled to the possession, and seeks to recover the possession of the same, or its value, of the defendant, who, as sheriff, seized and held the same under and by virtue of an execution on a judgment in favor of one Resignie against Rhodes, plaintiff's vendor. The evidence on the part of the plaintiff tended to show that Rhodes was indebted to the plaintiff in the sum of $1,400 for borrowed money, for which she held his notes, and also for $300 which she assumed and agreed to pay to settle a judgment held against him by his brother. That at the time of the alleged sale to plaintiff of this property, Rhodes, to liquidate this indebtedness, assigned to the plaintiff a mortgage of $1,000, and turned out the property in question at the price of $462, and an insurance claim for loss on a policy then in dispute,—amounting in all to about $1,800, the plaintiff paying Rhodes at the time in cash the balance of $100 that was coming to him on the deal; and the plaintiff thereupon delivered up the notes and took possession of the property. These alleged facts were controverted by the defendant by evidence tending to show that there was no actual delivery of the property, and continued change of possession of the same. Also by the other fact that this alleged sale was on the eve of the recovery of the Resignie judgment against Rhodes, from which the defendant insisted that the alleged transfer was fraudulent, and did not pass to the plaintiff a valid title, as against the judgment and execution creditors. This disputed question of fact was, however, as we think, properly submitted to the jury by the trial judge, and they having found for the plaintiff upon evidence sufficient, if believed by them, to support the verdict, we cannot interfere with their conclusion upon that part of the case.

The defendant also insists that the plaintiff, at the time of the alleged sale to her, got no title to this property, for the reason that before that time Rhodes had sold, by bill of sale to his wife, the same identical property. But the plaintiff insists that, as against her, that bill of sale

was wholly inoperative, as the property remained in the possession of Rhodes, and the bill of sale was not filed as a chattel mortgage, and was never in fact delivered to Rhodes' wife. This disputed question of fact was also submitted to the jury under, we think, proper instructions from the court, and found by them in favor of the plaintiff. It is true that under section 1723, Code Civil Proc., the defendant in an action for the recovery of a chattel may defend on the ground that a third person was entitled to it, without connecting himself with the latter's title. Yet, we think that in this case the jury were authorized by the evidence to find that Mrs. Rhodes, under her alleged bill of sale, had no title or interest or right of possession as against this plaintiff, and that we cannot disturb such finding.

Several objections and exceptions were taken to the rulings of the judge in receiving and rejecting evidence offered, all of which we have examined, and see no error in that regard committed by the court. Nor do we discover any errors in his charge, or in his refusals to charge as requested by the defendant's counsel, for which the judgment should be reversed. Judgment affirmed, with costs.

HERRICK, J., concurs. PUTNAM, J., not acting.